UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MICHAEL J. DURALL                                  CIVIL ACTION NO. 6:11-cv-0473
      LA. DOC #129802
VS.                                                SECTION P

                                                    JUDGE DOHERTY

LAFAYETTE POLICE DEPT., ET AL.                     MAGISTRATE JUDGE HANNA

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael J. Durall, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 22, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  When he filed this complaint he was incarcerated at the Franklin Parish Corrections Center, Winnsboro, Louisiana, however, he claimed that he was the victim of excessive force following his arrest by officers of the Lafayette Police Department (L.P.D.) in July 2010.  He sued Officer Thibeaux and the L.P.D. and prayed for the dismissal of unspecified charges, the firing of Officer Thibeaux and compensatory damages of $80,000.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

*Background*

In his original complaint, plaintiff alleged that on some date between July 15 - 20, 2010 he was detained by unnamed officers of the L.P.D. Plaintiff admitted that he "bumped" an officer and then "took flight." He  was pursued and captured. He claimed that while he was hand-cuffed and on

the ground, Sgt. Thibeaux approached, cursed plaintiff for causing him injury, and punched plaintiff in the face.  On July 11, 2011 plaintiff was directed to amend his complaint to provide more specific information and to cure various defects in his original complaint within 30 days, or on or before August 10, 2011.  Plaintiff has ignored the order to amend; further, he has not requested an extension of time to respond to the order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with an order directing him to amend his complaint. This failure on his part warrants dismissal.

It is unclear whether dismissal at this time will prejudice plaintiff. Nevertheless, it is possible that dismissal – even if the dismissal is without prejudice –  will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court rule or  order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition,

the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1)

delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or

(3) delay caused by intentional conduct."  *Id*.   In any event, the requirements for a dismissal with

prejudice are satisfied in this case.  As discussed above, plaintiff has ignored the order directing him

to amend.  He has not contacted the court since March 2011 when he filed his original  complaint.

It thus appears that he is no longer interested in pursuing these claims.  Indeed, the available

evidence suggests that amendment would not cure the defects of the  complaint and dismissal would

be inevitable.[1]   Therefore,

---

[1]As noted in the amend order, "Plaintiff alleges that he was the victim of excessive and unnecessary force at the hands Sgt. Thibeaux. He should, however, elaborate and provide additional details so that the Court may determine whether the force used was excessive under the circumstances. He should amend his complaint to allege the nature of the charges that were filed against him, whether he was convicted of those charges, and whether success in this proceeding would call into question the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence);  and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

Further, plaintiff sued the Lafayette Police Department, however, the L.P.D. is not a 'juridical person' capable of being sued. *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743-44 (La.App. 3d Cir.2000); see also See *Evans v. City of Homer*, 2007 WL 2710792 (W.D.La.2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007) ('Under Louisiana law, police departments are not juridical entities capable of suing or being sued.'). Plaintiff should dismiss his complaint against this non-juridical defendant.

Finally, plaintiff seeks dismissal of unspecified charges. Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of *habeas corpus*; such relief is not available in a civil rights action brought pursuant to Section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)('[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas*

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana November 16, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

*corpus*.')

In short, plaintiff's complaint, as it stands, does not state a claim for which relief may be granted; however, before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)." [Doc. 6]